### JAMES G. TAYLOR v. THE PEERLESS REFINING CO.

WHEN A WELL WILL NOT BE CONSIDERED AS A "GAS WELL."

There are two classes of property provided for in an oil and gas lease. One is an oil well, and the other is a gas well, both of which cannot usually exist at the same time and be paying property. And, as the general provision of such lease is that if the lessee gets a gas well he is to pay a certain rental, and if he gets an oil well he is to pay so much royalty for each well; therefore where the lessee under such lease did sink a number of wells and in each case found a little gas which was used for running the boilers on the premises, such well in the general sense would not be considered as a "gas well" upon which the lessee would be liable for the payment of any stipulated rentals.

HAYNES (orally.)

This was an action brought upon what is known as an oil and gas lease to recover certain stipulated rentals. The lease was very much of the same character as the lease referred to in the case of *The Ohio Oil Company* v. *McCrory, ante,* decided by Judge King, and I shall not go over the ground again. There is perhaps a little difference in the phraseology of this lease in that it uses the word "utilizing," but I don't think there is any great difference in the legal force of the two papers. The truth is, and the whole case lies in a nut shell,—that there are two classes of property provided for in these leases. One is an oil well, and the other is a gas well, and it is pretty difficult for both of them to exist at the same time and be paying property. That is to say: If oil is found, the gas is practically gone from the well as far as burning in houses is concerned, though it may be used around the boilers for pumping the wells. In these two classes of property, the general provision of the lease is that if a lessee gets one class he is to pay a certain rental usually so much for each gas well, and if he gets the other, so much royalty for each well. In each of these cases the parties had wells sunk on the premises and are receiving the royalty right along. In each case they found a little gas, and in this case they used the gas for running the boilers on the premises, but to say in either case that the well was a "*gas well*" in the general sense, would be a misnomer.

When the testimony closed, the court instructed the jury to return a verdict in favor of the defendant, and in doing that we think the court did just what it ought to have done, and the judgment will be affirmed.

*James & Beverstock*, Attorneys for Plaintiff.

*Ross & Kinder*, Attorneys for Defendant.